IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ and ANDRUS & PAZ, *a partnership* | § § § § | |
| VS. | § § § | CIVIL ACTION NO.<br>**B-02-0143** |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA and EDDIE ERRISURIZ, JR. | § § § | **(JURY REQUESTED)** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE U. S. DISTRICT COURT:

COME NOW PLAINTIFFS **STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ** and **ANDRUS & PAZ,** *a partnership,* complaining of Defendants Brownsville Independent School District, Noe Sauceda and Eddie Errisuriz, Jr., and for such cause would respectfully show unto the Court and jury the following:

### I.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter in controversy in this action, pursuant to 28 U.S.C. §§1331 and 1343, and the claims are within the jurisdictional limits of this Court. Venue is also proper in this Court pursuant to Texas Civil Practice and Remedies Code §15.002 because all or a substantial part of the events or omissions giving rise to the

claims herein occurred in Cameron County, and the Defendants' residences at the time the causes of action accrued was in Cameron County, Texas.

## II.

## PARTIES

2.  Plaintiff STEPHEN M. ANDRUS is a resident of Los Fresnos, Cameron County, Texas.

3.  Plaintiff FERNANDO DE PEÑA is a resident of Brownsville, Cameron County, Texas.

4.  Plaintiff VALENTIN PAZ is a resident of Brownsville, Cameron County, Texas.

5.  Plaintiff ANDRUS & PAZ, a partnership, is an independent insurance agency licensed under the laws of the State of Texas to sell life, accident, health and health maintenance organization insurance, whose office is situated in Brownsville, Cameron County, Texas.

6.  Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT (BISD) is an independent school district organized under the laws of the State of Texas. Service may be had upon this Defendant by serving its Acting Superintendent Johnny Pineda at his office address, 1900 E. Price Road, Brownsville, Texas 78521.

7.  Defendant NOE SAUCEDA is an individual resident of Brownsville, Cameron County, Texas, at all relevant times herein. Service may be had upon this Defendant by serving him at his home address, 164 Creekbend, Brownsville, Texas 78521.

8.      Defendant Eddie Errisuriz, Jr. is an individual resident of Brownsville, Cameron County, Texas, at all times relevant herein. Service may be had upon this Defendant by serving him at his office address, 1900 E. Price Road, Brownsville, Texas 78521.

### III.

### FACTUAL BACKGROUND AND ALLEGATIONS

9.      Plaintiffs STEPHEN M. ANDRUS and VALENTIN PAZ are members of a partnership known as Andrus & Paz, an organization dedicated to retirement planning and the sale of annuities and the sale of health, life and disability insurance. Plaintiffs STEPHEN ANDRUS, FERNANDO DE PEÑA, and agents of Andrus & Paz had been authorized to solicit tax sheltered annuity products to eligible employees of the Brownsville Independent School District, pursuant to the Brownsville Independent School District's Vendor Rules & Regulations for The Tax-Sheltered Annuity Program (hereinafter Vendor Rules) in effect since as early as 1994. Having received BISD authorization to solicit employees through May and September 2002, Plaintiffs Andrus, de Peña and agents of Andrus & Paz began to make arrangements to solicit their products to BISD employees at the beginning of the 2001-2002 school year.

10.     During September 2001, Plaintiffs began attempts to solicit their products to BISD employees. They were abruptly informed, however, that although their letter of introduction specifically indicated they were allowed to do so through 2002, they were in fact not to be allowed to visit school campuses to attempt to sell their products. Although Section IV(I)(1) specifically provides that "BISD may terminate a Vendor's participation in the [Tax-Sheltered Annuity] program by sending a written notice to each participant in the Vendor's program and

the primary contact for the vendor at least ninety (90) days in advance of the termination date," and although no such notice was ever provided to Plaintiffs herein, Defendants summarily denied Plaintiffs the opportunity to solicit any of their products for the remainder of school year.

11. Plaintiffs thereafter learned that although they were not being allowed to solicit their products on campus, other insurance representatives were not only being allowed to solicit their products, but Defendant BISD, through Defendants SAUCEDA and ERRISURIZ, were authorizing presentations on school campuses, during school working hours, which principals and administrators were required to attend. In particular, David Soliz was allowed to make presentations to principals and administrators during school hours and on school campuses, outlining products for Commercial Union insurance company. Attendance at these meetings was mandatory, contrary to Defendant BISD's Vendor Rules Section IV(F)(2), which provides that "[r]epresentatives are allowed to make sales presentations on BISD premises only at the request of the employee." In addition, although Plaintiffs were also authorized to sell Commercial Union products, these Plaintiffs and their agents were specifically not allowed to make those same presentations, nor were they allowed to make any presentations or even attempt to sell any products to BISD employees in any other manner whatsoever. Although Plaintiffs specifically notified Defendants BISD and SAUCEDA, as well as each of the BISD Trustees, of their request to be allowed to solicit products in the same manner as Mr. Soliz was allowed to do, no response to that request was ever provided.

12. To the contrary, Defendants SAUCEDA and ERRISURIZ made additional efforts to assure that only those agents they could control would be allowed to sell any policies to BISD employees. To assure this control for their own nefarious purposes, on or about November 14,

2001, Defendant SAUCEDA notified all principals and administrators that "[i]nsurance and/or tax deferred annuity information made available to [them] by vendors, etc., is **not** to be disseminated to anyone **without** your securing **prior approval** from either Mr. Eddie Errisuriz, Assistant Superintendent for Human Resources or [himself]." (Emphasis in original). In addition, although BISD's Vendor Rules provide that "[n]o bulk mailings and/or telephone solicitations are permitted to BISD offices or campus locations," Defendant Errisuriz specifically authorized a bulk mailing/distribution to all BISD employees of a solicitation letter by David Soliz. A copy of that authorization to distribute is attached as Exhibit "A." Once Plaintiffs learned that Mr. Errisuriz had approved CGU as a company allowed to have campus visitations by Mr. Soliz, they again requested a similar letter of introduction and permission to do the same. Like Plaintiffs' prior requests, that request also went unanswered. Believing that perhaps the Board of Trustees were not aware of the actions of Defendants Sauceda and Errisuriz, Plaintiff Andrus addressed the Board regarding his request for authorization to solicit his products on November 13, 2001. Although he specifically requested the same privileges that were provided to Mr. Soliz, no response or action was ever taken on his request. As a result, Defendant Brownsville I.S.D. confirmed its custom and policy to approve or adopt Defendants Sauceda's and Errisuriz's decisions, and Plaintiffs were denied the opportunity to solicit their products as they had been doing for the prior 32 years.

  13. Defendants' actions in summarily withdrawing Plaintiffs' authorizations to solicit tax-sheltered annuity products was without any prior written notice or any legitimate justification or basis, and deprived Plaintiffs ANDRUS, DE PEÑA, PAZ and ANDRUS & PAZ of their entitlement to sell policies and earn commissions from the sale of those policies and of their

ability to make a living. No appropriate written notice was ever provided to any of the Plaintiffs of the termination of any vendor. To the contrary, while other agents were allowed to continue solicitations for certain authorized vendors, Plaintiffs were not allowed to do so for those same vendors.

## IV.

## CAUSES OF ACTION

14. The facts alleged in Section IV are incorporated as though fully set out herein. As set out therein, the actions of Defendants BISD, NOE SAUCEDA and EDDIE ERRISURIZ, JR., constituted a deprivation of Plaintiffs STEPHEN M. ANDRUS', FERNANDO DE PEÑA'S, VALENTIN PAZ'S and ANDRUS & PAZ'S rights to due process and to equal protection of the laws, pursuant to customs and policies of Defendant BISD, protected through the Fourteenth Amendment to the U.S. Constitution, for which Plaintiffs complain pursuant to 42 U.S.C. §1983. The actions of Defendants Sauceda and Errisuriz were undertaken with a conscious or deliberate indifference to violate Plaintiffs' clearly established constitutional rights of which a reasonable person in Defendants' positions would have known. In addition, the actions of Defendants SAUCEDA and ERRISURIZ were conducted with a deliberate intention to interfere with Plaintiffs' business relationships with the vendors and BISD employees with whom they did business, by violating Texas Civil Statutes Article 6228a-5, section 9, and committing a fraud on Plaintiffs and BISD employees, for which Plaintiffs also sue. Although there was more than a reasonable probability that Plaintiffs and BISD employees would have entered into several contractual relationships, Defendants Sauceda and Errisuriz acted with a conscious desire to prevent Plaintiffs from entering these contracts by excluding their entry onto

BISD premises, while granting entry and access to Mr. Soliz exclusively. Defendants knew that interference was certain or substantially certain to occur as a result of their conduct. Defendants SAUCEDA and ERRISURIZ deliberately used the positions they held to cause damages to Plaintiffs, without privilege or justification, and Plaintiffs suffered damages as a result.

15.     The actions of Defendants SAUCEDA and ERRISURIZ in refusing to authorize Plaintiffs to continue to solicit their products were not actions that involved either judgment or discretion. To the contrary, these Defendants did not have any judgment or discretion to prohibit Plaintiffs from soliciting products from BISD employees, while allowing other agents to solicit products from those same employees for those same vendors. Once Plaintiffs met the requirements found in BISD's Vendor Rules, the Texas Civil Statutes and the Texas Insurance Code, the granting of an authorization to solicit employees did not involve any exercise of judgment or discretion, but should have merely been a ministerial action. Defendants SAUCEDA and ERRISURIZ are therefore liable for interfering with that ministerial function of granting the authorization, in order to further their own personal gain in interfering with Plaintiffs' business relationships.

16.     Plaintiffs would further show that the actions of Defendants SAUCEDA and ERRISURIZ constituted fraud and malice, for which Plaintiffs are entitled to actual and punitive or exemplary damages, pursuant to Texas Common Law and Texas Civil Practice & Remedies Code §41.001, *et seq*. Defendants SAUCEDA and ERRISURIZ engaged in a conspiracy to defraud Plaintiffs and employees of BISD as set out above and by representing that the products being sold by Mr. Soliz were the only products available to BISD employees, when in fact Plaintiffs had also received prior permission to solicit their products and qualified to do so but

for Defendants' actions. As a result of these Defendants' representations, Plaintiffs were prevented from soliciting BISD employees and thereby suffered damages.

## V.

## DAMAGES

17. As a direct and proximate result of the facts made the basis of this lawsuit, Plaintiffs sustained personal injuries and damages, and those injuries and damages were proximately caused by the acts and/or omissions of Defendants, for which Plaintiffs now seek recovery. Such damages include a loss of wages and wage earning capacity, loss of income and income opportunities, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and in the future. Plaintiffs seek all actual and compensatory damages to which they may be entitled under the law. Plaintiffs also seek recovery of their reasonable and necessary attorney's fees and expenses, pursuant to 42 U.S.C. §1988.

## VI.

## CONDITIONS PRECEDENT

18. All conditions precedent to the filing of this suit and the recovery of the damages prayed for herein have occurred and have been performed.

## VII.

## JURY TRIAL REQUEST

19. Plaintiffs **STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ and ANDRUS & PAZ,** *a partnership*, request that a jury of their peers be convened to determine the facts made the basis of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ and ANDRUS & PAZ,** *a partnership,* respectfully pray that the Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA and EDDIE ERRISURIZ, JR. be cited to appear and answer herein, and that upon final hearing of this action, that judgment be entered for Plaintiffs and against Defendants for all actual, compensatory, and punitive or exemplary damages suffered by Plaintiffs, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest at the maximum rate allowed by law, reasonable attorneys' fees and expenses incurred by Plaintiff, and costs of court, as well as all other and further relief to which Plaintiffs may show themselves to be justly entitled, whether special or general, at law and in equity.

Signed on this the 24th day of July, 2002.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone : (956) 504-1100
Facsimile : (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

Attorney for Plaintiffs,
STEPHEN M. ANDRUS, FERNANDO DE PEÑA,
VALENTIN PAZ and ANDRUS & PAZ,
*a partnership*

David Soliz, Registered Rep.
PlanMember Securities Corp.
www.planmember.com/dsoliz
www.profiancial.net/david
Phone # 956.548.2332



# PRO Financial Group
*Preferred Retirement Options*

## Attention to All Brownsville I.S.D. Faculty and Staff:

The TARDEE Tax and Financial Seminar is being presented weekly at your local PRO Financial office at 2035 Price Rd., Suite A. This seminar is specifically designed for school district employees and has been presented in over 350 districts statewide. *Come and find out for yourself why some individuals are afraid that you will learn this information and why they are trying to keep this presentation from coming to your campus. Find out why they would prefer that you remain "in the dark."*

One of the main reasons for the seminar's popularity is because it does not promote a company or product ... it is strictly **EDUCATIONAL** and **INFORMATIONAL**. Those who attend usually decide to immediately implement our powerful concepts and strategies. The financial plan may be based on the purchase of various financial products, including annuities and/or mutual funds. All who attend this seminar will find tremendous value in the information that is presented. These are a few typical responses from attendees:

> **"Why haven't I ever heard about this before?"**
> **"This sounds too good to be true!"**
> **"I wish I had been informed of this during my first year as an educator!"**
> **"Why has my current agent or my school district never informed me of all my benefits?"**

The seminar covers the following **key points:**
- Learn how to **accumulate Tax Deferred Dollars to supplement retirement income.**
- Learn how to determine whether you need mutual funds or an annuity.
- Learn how to compare annuities based on their features. Can you do better? **You be the judge.**
- Learn how to **immediately** increase your monthly cash flow and lower your taxable income.
- Learn how and why you should "become your own banker" by utilizing the **tax- free** loan provision of the **403b Tax Shelter Annuity Program.** Use this system to:
  - **Eliminate existing debts** with *pre-tax dollars.*
  - Buy back **Years of Service** with *pre-tax dollars.*
  - **Fund College Education** with *pre-tax dollars.*
- Learn **Five** important facts about the Texas **Teacher Retirement System (TRS):**
  - How the **Partial Lump Sum** and **DROP** programs work. Determine which option is best for you.
  - How TRS affects your **ability to draw full Social Security**
  - How **retirement benefits are taxed**
  - Cost of **health insurance / Joint Survivor benefits** at retirement
  - How the **"Retire-Rehire"** Program works and why it is the greatest financial opportunity ever offered to educators in the state of Texas. *Learn how some employees are taking advantage of this program in your district right now!*

The seminar will be followed by a question and answer session. Light refreshments will be provided. Please call our toll free number in advance to reserve a space. Seating is limited. Seminar **Dates and Times:**

    Tuesday, November 13th, 6 p.m.   and   Wednesday, November 14th, 7 p.m.
    Tuesday, November 20th, 6 p.m.   and   Wednesday, November 21st, 7 p.m.
    Tuesday, November 27th, 6 p.m.   and   Wednesday, November 28th, 7 p.m.

*Securities offered through:*
*PlanMember Securities Corporation., 1160 Eugenia Place, Carpinteria, CA 93013 800.874.6910*
*Registered broker/dealer, investment advisor and member NASD/SPIC*

*ok to distrib[ute]*

# "Financial Tips for Teachers" Seminar

For

## All Brownsville Independent School District Employees
(University and Private School Employees are also welcome)

Presented By

### PRO Financial Group
*"Preferred Retirement Options"*

The purpose of this financial seminar is to provide a greater understanding of your federal, state, and optional retirement benefits and to expose you to some unique and powerful financial strategies. These proven strategies have already helped many educators all across the nation. These proven strategies can help you immediately take control of your current financial situation and take control of you financial future. There are no fees or obligations for attending the seminar. All of the following types of analysis will be available to you FREE of charge just for attending the seminar:

| | | |
|---|---|---|
| **Tax Analysis** | **TRS Benefits Analysis** | **Retirement Income Analysis** |
| **DROP Analysis** | **Financial Needs Analysis** | **TRS Buy Back Analysis** |
| **PLSO Analysis** | **403(b) TSA Options Analysis** | **Financial Planning / Strategies** |
| **Debt Analysis** | **Debt Consolidation Analysis** | **Capital / Assets Analysis** |
| **Retire/Rehire Analysis** | **Social Security Analysis** | **Capital Conversion Analysis** |

Please call our toll free number to reserve a seat for any one of the seminar dates. Seating is limited.

### Seminar Dates:

Tuesday, Nov. 13th     Wednesday, Nov. 14th
Tuesday, Nov. 20th     Wednesday, Nov. 21st
Tuesday, Nov. 27th     Wednesday, Nov. 28th

**All seminars will begin at 6:00 p.m.**

Location:

2035 Price Road, Suite A
Brownsville, TX 78521
(956) 548-2332

*Securities offered through PlanMember Securities Corp., 1160 Eugenia Place, Carpinteria, CA 93013
Registered broker/dealer, investment advisor and member NASD/SIPC.*

## "Financial Tips for Teachers" Seminar