IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ AND ANDRUS & PAZ, A PARTNERSHIP § § § § | |
| VS. § § | CIVIL ACTION NO.  B-02-143<br>JURY REQUESTED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA AND EDDIE ERRISURIZ, JR. § § § | |

### DEFENDANTS NOE SAUCEDA AND EDDIE ERRISURIZ, JR.'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NOE SAUCEDA and EDDIE ERRISURIZ, JR., Defendants in the above styled and numbered cause and files this their original answer and would respectfully show unto the court the following:

### I.
### ORIGINAL ANSWER

1. Defendants admit to the facts stated in Paragraph 1 of Plaintiffs' Original Complaint.

2. Defendants admit to the extent Plaintiff probably alleged their proper address stated in Paragraph 2 of Plaintiffs' Original Complaint.

3. Defendants admit to the extent Plaintiff probably alleged their proper address stated in Paragraph 3 of Plaintiffs' Original Complaint.

4. Defendants admit to the extent Plaintiff probably alleged their proper address stated in Paragraph 4 of Plaintiffs' Original Complaint.

5. Defendants admit to the extent Plaintiffs probably alleged its correct line of business and address in Paragraph 5 of Plaintiffs' Original Complaint.

6. Defendants admit to the facts stated in Paragraph 6 of Plaintiffs' Original Complaint.

7. Defendants admit to the facts stated in Paragraph 7 of Plaintiffs' Original Complaint.

8. Defendants admit to the facts stated in Paragraph 8 of Plaintiffs' Original Complaint.

9. Defendants deny the factual allegations as set forth in Paragraphs 9 through 16 of Plaintiffs' Original Complaint.

10. Defendants deny Plaintiffs are entitled to any damages as set forth in Paragraph 17 of Plaintiffs' Original Complaint.

11. Defendants deny the facts stated in Paragraph 18 of Plaintiffs' Original Complaint.

12. Defendants deny Plaintiffs are entitled to a jury as requested in Paragraph 19 of Plaintiffs' Original Complaint.

## II.

## AFFIRMATIVE DEFENSES

13. Plaintiffs cannot recover, directly or indirectly from these Defendants because the Texas Tort Claims Act does not allow Plaintiffs' claims as pled and such claims do not fall within the purview of the Texas Tort Claims Act, Texas Civil Practices & Remedies Code, § 101.001 et seq.

14. Defendants would specifically show that Plaintiffs may not recover punitive damages against these Defendants because of the statutory bar as to punitive damages contained in Texas Civil Practices & Remedies Code §101.024.

15. Defendants are entitled to qualified and/or official immunity as it relates to any of the state and federal claims made against him in this action.

16. Defendants are entitled to qualified and/or official immunity to any state law claims made against him pursuant to those rights and immunities afforded him under the Texas Tort Claims Act and/or the Texas Education Code.

17. Defendants are entitled to all defenses and immunities pursuant to the Texas Tort Claims Act and/or the Texas Education Code.

18. Defendants would show that any loss or damages sustained by Plaintiffs at the time and place on the occasion mentioned in Plaintiffs' Original Complaint was to some extent caused by Plaintiffs' failure to use reasonable efforts to mitigate their damages.

19. Pleading further, Defendants assert they are entitled to qualified immunity from liability from any constitutional violations as asserted under 42 U.S.C. § 1983.

20. In the alternative, Defendants would further assert that any loss or damages allegedly sustained by Plaintiffs at the time, place, and on occasion, mentioned in Plaintiffs' Original Complaint were caused, in whole or in part, or were contributed to by the negligence, want of care, or intentional conduct of Plaintiffs, and not by any negligence or fault or want of care on the part of these Defendants and these Defendants would therefore invoke the doctrine of comparative responsibility.

21. In the alternative, Defendants would further assert that any loss or damages allegedly sustained by Plaintiffs at the time, place, and on occasion, mentioned in Plaintiffs' original petition were caused, in whole or in part, or were contributed to the negligence, want of care, or intentional conduct of third-parties over whom these Defendants has no control and is not liable therefor.

22. Plaintiffs are not entitled to attorneys fees' because Plaintiffs are not a prevailing party and Defendants herein are entitled to their attorneys fees under 42 U.S.C. § 1988.

23. Defendants further plead that the Plaintiffs' claims for punitive damages, as well as any judgment ultimately rendered herein awarding punitive damages constitutes a

contravention of the Texas and United Stated Constitution in that :

a.  Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of the Defendants' rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19, of the Texas Constitution;

b.  Any award of punitive damages is in violation of the due process clause of the United States and Texas Constitution which require that punitive damages against the Defendants be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proved by clear and convincing standard of proof. Unless such protections are afforded to the Defendants, Defendants' rights are being violated in contravention of the Sixth Amendment to the United States Constitution;

c.  Punitive damages under the Texas procedural law constitute and excess fine in violation of the Eighth Amendment of the Constitution of the United States.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial and hearing hereof, Plaintiffs take nothing by this suit, that Defendants recover all costs incurred herein, including their attorney fees under 42 U.S.C. § 1988 and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: *Eileen Leeds*
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799


Charles Willette, Jr
State Bar No. 21509700
USDC Adm. No. 1937

**ATTORNEY FOR DEFENDANTS NOE SAUCEDA AND EDDIE ERRISURIZ, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the __14__ day of August, 2002, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

**VIA CM/RRR # 7002 0460 0000 6652 6020**
Mr. J. Arnold Aguilar
Law Offices of J. Arnold Aguilar
Artemis Square, Ste. H-2
1200 Central Blvd.
Brownsville, Texas 78520

**VIA REGULAR MAIL**
Elizabeth G. Neally
Roerig, Oliveira, & Fisher, L.L.P.
855 W. Price Road, Ste. 9
Brownsville, Texas 78520

*Eileen Leeds*
Eileen M. Leeds