

IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, | § | |
| FERNANDO DE PENA, | § | |
| VALENTIN PAZ and | § | |
| ANDRUS & PAZ, a Partnership | § | |
| | § | |
| vs. | § | B-02-143 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | |
| and EDDIE ERRISURIZ, JR. | § | |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**, Defendant in the above-styled and numbered cause, and files this its Original Answer to Plaintiff's Original Petition and would show the Court the following:

### I.

1.      Except to the extent identified above, Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT ("BROWNSVILLE I.S.D.") denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and demand strict proof thereof as required by law.

2.      Defendant agrees with and admits to the allegations set forth in Section I, paragraph I of Plaintiffs's Original Petition only to the extent that Plaintiff alleges that his claims are within the jurisdictional limits of this court and that venue is proper in this Court.

3. Defendant agrees with and admits to the allegations set forth in Section II, paragraphs 2-8 of Plaintiff's Original Petition to the extent that Plaintiff states the names and address of the parties to this action; otherwise, Defendant denies the remainder of all other allegations set forth in paragraphs 2 through 8 of Plaintiff's Original Petition.

4. Defendant denies Plaintiff's allegations set forth in paragraphs 9-18 of Plaintiff's Original Petition.

5. Defendant agrees to Plaintiff requesting a jury in Paragraph ___ of Plaintiff's Original Petition but all other allegations are hereby denied.

## II.

## AFFIRMATIVE DEFENSES

6. Defendant, BROWNSVILLE I.S.D. would further state that the Plaintiff's claims are barred because the Plaintiff has not complied with the mandatory notice requirements contained within the Texas Tort Claims Act. No actual or constructive notice of Plaintiff's claims was given to Defendant.

7. Defendant, **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**, would further show that pursuant to the Texas Torts Claims Act, Section 101.051 that the School District is immune from all liability for tort actions except as to motor vehicles. The District is entitled to sovereign immunity as to the claims asserted in this lawsuit.

8. The acts alleged are discretionary acts of individuals, performed in their capacity as governmental employees or officials in the good faith belief that the acts were legal and appropriate. As this would be a defense to the individuals, it is also a defense to the BROWNSVILLE INDEPENDENT SCHOOL DISTRICT.

9.    Defendant, BROWNSVILLE I.S.D. is immune from liability under the doctrine of governmental or official immunity.

10.    The acts alleged are intentional acts for which BROWNSVILLE INDEPENDENT SCHOOL DISTRICT would be immune under the Texas Tort Claims Act.

11.    Defendant BROWNSVILLE I.S.D. would further show the Court that BROWNSVILLE INDEPENDENT SCHOOL DISTRICT is a governmental entity and has sovereign immunity from any State law and common law torts.

12.    Defendant BROWNSVILLE I.S.D. would show that liability for its actions, as alleged in Plaintiff's First Original Petition, is subject to the dollar limitations imposed by the Texas Tort Claims Act.

13.    Defendant BROWNSVILLE I.S.D. is entitled to all defenses and immunities pursuant to the Texas Tort Claims Act and/or the Texas Education Code.

14.    In the alternative, Defendant would further assert that any loss or damages allegedly sustained by Plaintiff as alleged in Plaintiff's Complaint were caused, in whole or in part, or were contributed to by the negligence, want of care, or intentional conduct of Plaintiff, and Defendant therefore invokes the doctrine of comparative responsibility.

15.    In the alternative, Defendant further asserts that any loss or damages allegedly sustained by Plaintiff alleged in Plaintiff's Complaint were caused, in whole or in part, or were contributed to the negligence, want of care, or intentional conduct of third-parties over whom this Defendant has no control and is therefore not liable.

16.    Plaintiff is not entitled to attorney's fees in the event Plaintiff is not a prevailing party and Defendant herein is entitled to its attorney's fees under 42 U.S.C. §1988.

17.    Defendant Brownsville I.S.D. would show that Plaintiff has failed to state a cause of action against the Brownsville I.S.D. pursuant to F.R.C.P. 12(b)(6), and 7(a)

### III

### EXEMPLARY DAMAGES

17.    Defendant affirmatively pleads, that to the extent of Plaintiffs' claims punitive damages, as well as any judgment ultimately rendered herein  awards punitive damages, that punitive damages  constitute a contravention of the Texas and United States Constitutions in that:

(A)    Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of the Defendant's rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19, of the Texas Constitution;

(B)    Any award of punitive damages is in violation of the due process clause of the United States and Texas Constitution which require that punitive damages against the Defendant be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proved by clear and convincing standard of proof.  Unless such protections are afforded to the Defendant, Defendant's rights are being violated in contravention of the Sixth Amendment to the United States Constitution;

(C)    Punitive damages under the Texas procedural law constitute an excess fine in violation of the Eighth Amendment of the Constitution of the United States.

### IV.

18.    Defendant BROWNSVILLE I.S.D. is further immune from liability for exemplary damages pursuant to §101.024 of the Tex. Civ. Prac. & Rem. Code.

## IV.

19.     Defendant further reserves the right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions and discovery as Defendants may deem proper.

20.  Defendant BROWNSVILLE I.S.D. makes its  written request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Cameron County, Texas, the requisite jury fee of Thirty Dollars ($30.00).

**WHEREFORE, PREMISES CONSIDERED**, Defendant BROWNSVILLE I.S.D. prays that Plaintiff's suit be dismissed at Plaintiff's cost, and for such other and further relief to which these Defendants may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel For Brownsville Independent School District,**

By:_____
    Elizabeth G. NEALLY
    State of Texas Bar No. 14840400
    Federal Bar No. 8044

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant Brownsville Independent School District's Original Answer to Plaintiff's Original Petition, to counsel of record,

J. Arnold Aguilar
**Law Offices of J. Arnold Aguilar**
Artemis Square, Suite H-2,
1200 Central Boulevard
Brownsville, TX  78520
[CM/RRR 7160 3901 9844 7054 6781]

Eileen Leeds
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, TX  78521
[CM/RRR 7160 3901 9844 7054 6798]

via U.S. Postal Service, Certified, Return Receipt Requested on this _15_ day of August, 2002.

Elizabeth G. Neally