United States District Court
Southern District of Texas
FILED

AUG 1 5 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | § | |
|---|---|---|
| STEPHEN M. ANDRUS, | § | |
| FERNANDO DE PENA, | § | |
| VALENTIN PAZ and | § | |
| ANDRUS & PAZ, a Partnership | § | |
| | § | |
| | § | |
| vs. | § | B-02-143 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | |
| and EDDIE ERRISURIZ, JR. | § | |
| | § | |

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
MOTION TO DISMISS OR IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**, one of the Defendants in the above-styled and numbered cause, and files this its Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), or in the alternative, Motion for More Definite Statement, pursuant to Federal Rules of Civil Procedure, Rule 12(e) and would show the Court the following:

**I.**

**MOTION TO DISMISS**

1.   Plaintiffs, Stephen M. Andrus, Fernando De Pena, Valentin Paz and Andrus & Paz, a Partnership, have sued the Brownsville Independent School District, Noe Sauceda, and Eddie

Errisuriz, Jr. under 42 U.S.C. §1983 alleging deprivation of rights to due process and equal protection of law pursuant to customs and policies of Defendant Brownsville Independent School District as protected by the 14th Amendment to the United States Constitution. See Plaintiff's Original Petition, paragraph 14.

2. Plaintiffs then allege causes of action against Defendants Sauceda and Errisuriz alleging that they were undertaken with conscious or deliberate indifference to violate Plaintiffs' constitutional rights and deliberately interfering with Plaintiff's business relationship with the vendors and the Brownsville I.S.D. employees pursuant to Texas Civil Statutes Article 6228a-5, Section 9, thereby committing a fraud on Plaintiffs' and Brownsville I.S.D. employees. See paragraph 14 of Plaintiffs' Original Petition.

3. It is also alleged in paragraph 15 of Plaintiffs' Original Petition that Defendants Sauceda and Errisuriz are *"liable for interfering with that ministerial function of granting the authorization, in order to further their own personal gain in interfering with Plaintiffs' business relationship."* Plaintiff's Original Petition, paragraph 15.

4. In paragraph 16 of Plaintiff's Original Petition, Plaintiffs allege that Defendants Sauceda and Errisuriz acted with fraud or malice for which Plaintiffs are entitled to actual, punitive, and exemplary damages, and that they engaged in a conspiracy to defraud Plaintiffs.

5. Nowhere in the Causes of Action alleged under Section IV of Plaintiff's Original Petition is there any cause of action alleged directly against the Brownsville Independent School District.

6. Further, the acts alleged by Noe Sauceda and Eddie Errisuriz are all acts noted as being performed with conscious or deliberate indifference and it is alleged that at the time they

were acting *"in order to further their own personal gain and interfering Plaintiffs' business relationships."* See Plaintiffs' Original Petition, paragraph 15.

## II.

7. Plaintiffs have failed to state a cause of action against the Defendant Brownsville Independent School District for deprivation of statutory or constitutional rights actionable under 42 U.S.C. §1983.

8. The principal of respondent superior or vicarious liability is inapplicable to actions brought against the Brownsville Independent School District unless sovereign immunity has been waived by the Texas Tort Claims Act. Any alleged improper acts of the individual Defendants or others cannot be vicariously attributed to the Brownsville Independent School District. The principal of respondeat superior is not recognized under 42 U.S.C.§1983 against a governmental entity.

10. *"A municipality cannot be held liable solely because its employs a tortfeasor — or in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory."* Monell v. Dept. Of Soc. Servs. Of New York, 436 U.S. 658, 691, 56 L.Ed 2d 211, 98 S.Ct. 2018 (1978).

11. In order to state a valid claim under 42 U.S.C. §1983, Plaintiffs must 1) allege a constitutional violation of rights secured by the Constitution or laws of the United States, and 2) demonstrate that the alleged deprivation was committed by a person or entity acting under color of state law. *"Section 1983 municipal liability can be imposed when 1) the enforcement of a municipal policy or custom was committed 2) the moving force of the violation of federally protected rights."* Doe v. Dallas I.S.D., 153 F.3d 211, 215-216 (5th Cir. 1998).

12.     Plaintiffs' Original Petition fails to state the policy or custom that was violated. Further, Plaintiffs have failed to state any cause of action against the Brownsville Independent School District, and the solely alleged causes of action against two employees of the School District do not indicate whether they are being sued in their individual or official capacity. Therefore, dismissal is proper against the Brownsville Independent School District.

### III.

### MOTION FOR MORE DEFINITE STATEMENT

13.     In the alternative, Defendant Brownsville Independent School District requests that Plaintiffs be ordered to furnish a more definite statement pursuant to the Federal Rules of Civil Procedure, Rule 12(e) in order to provide sufficient notice of Plaintiffs' claims against tje Defendant Brownsville Independent School District.

14.     Defendant Brownsville Independent School District moves this Court for an order directing Plaintiffs to file a more definite statement of the following matters:

    a.     The Federal or Texas Constitution provisions and theories under which Plaintiffs bring their claims for relief against the Brownsville Independent School District as a governmental entity.

    b.     The facts and causes of action indicating the specific due process that was denied Plaintiffs by the Brownsville Independent School District.

    c.     The facts and causes of action involving the specific equal protection, pursuant to customs and policies of Defendant Brownsville I.S.D. that was denied Plaintiffs.

15. The grounds for this motion are that Plaintiffs' Original Complaint is so vague and ambiguous with respect to the above matters, that Defendant Brownsville I.S.D. cannot be reasonably required to file an answer as to the defense of this matter, or to prepare dispositive motions.

**WHEREFORE, PREMISES CONSIDERED**, Defendant BROWNSVILLE I.S.D. prays that Plaintiff's suit be dismissed at Plaintiffs' cost, or in the alternative, that Plaintiffs be ordered to replead their causes of action against the Brownsville Independent School District, and for such other and further relief to which these Defendants may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel For Brownsville Independent School District,**

By: _____
Elizabeth G. NEALLY
State of Texas Bar No. 14840400
Federal Bar No. 8044

## CERTIFICATE OF CONSULTATION

I, the undersigned, hereby certify that I have spoken with Arnold Aguilar's office on August 14, 2002, in an effort to secure the resolution of a more definite statement as to Plaintiffs' claims against Brownsville I.S.D. in Plaintiffs' Original Petition without Court action.

I was advised by Mr. Aguilar's office that Arnold Aguilar was on vacation. I advised of our intent to file a Motion to Dismiss, or in the alternative, a Motion for More Definite Statement. Mr. Aguilar's office did not call me back on August 15, 2002. As of August 15, 2002, it is unknown if he is opposed to the Motion for More Definite Statement

_____
Elizabeth G. Neally

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant Brownsville Independent School District's Motion to Dismiss or in the Alternative, Motion for More Definite Statement , to counsel of record,

J. Arnold Aguilar
**Law Offices of J. Arnold Aguilar**
Artemis Square, Suite H-2,
1200 Central Boulevard
Brownsville, Texas 78520
[CM/RRR 7160 3901 9844 7054 6781]

Eileen Leeds
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
[CM/RRR 7160 3901 9844 7054 6798]

via U.S. Postal Service, Certified, Return Receipt Requested on this 15 day of August, 2002.

Elizabeth G. Neally