IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ AND ANDRUS & PAZ, A PARTNERSHIP | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-02-143 JURY REQUESTED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA AND EDDIE ERRISURIZ, JR. | § § § § | |

### DEFENDANTS NOE SAUCEDA AND EDDIE ERRISURIZ'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NOE SAUCEDA and EDDIE ERRISURIZ, JR. named Defendants in the above-styled and numbered cause and files this their Motion to Dismiss under F.R.C.P. 12 (b) (6) and in support thereof, would respectfully show unto the court as follows:

### I.

### FACTUAL BACKGROUND

Plaintiffs are annuity salespersons. They have sued Dr. Noe Sauceda, former BISD Superintendent, and Eddie Errisuriz, Jr. under 42 U.S.C. §1983 alleging a violation of their Fourteenth Amendment rights. In particular, Plaintiffs claim that Defendants violated their right to due process by not allowing them to solicit products on the BISD campuses.

The Plaintiff entity, Andrus & Paz, an alleged partnership is unknown to either Dr. Sauceda or Mr. Errisuriz. As set forth in the attached affidavit, attached only to support this denial[1], this

---

[1] Although submitted as a Motion to Dismiss, Defendants would ask the Court to convert this to a Motion for Summary Judgment if needed due to the denial of any business relationship with Andrus & Paz.

partnership did not ever request access to BISD campuses and as far as the Defendants know, and had never done any business with BISD employees while Defendants were administrators.

## II.

## DUE PROCESS

**Fourteenth Amendment**. In order to prevail on a claim for a violation of the Fourteenth Amendment of the United States Constitution, the Plaintiffs must first show they have a property or liberty interest. There is no "due process" claim under the Fourteenth Amendment without such a showing. The Constitution does not create property interests; they are created by existing rules or understandings that stem from an independent source such as state law. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). In this case, Texas State law. It is only after Plaintiff can establish a property interest that he would be entitled to due process.

In this case, Plaintiffs have no property or liberty interest. Without a such an interest, Plaintiffs are not entitled to any process. Plaintiffs claim they were not allowed unfettered access to the BISD campuses to "solicit"their products. There is no property interest at stake under that scenario. No person or entity has a constitutional right to enter onto a public school campus to "solicit," or for that matter sell a product. Solicitation of school district employees is not a constitutional right. The undersigned has been able to find no case which would indicate as much. Without pleading or proof of a property or liberty interest, there can be no violation of the due process clause. Therefore, this claim should be dismissed in its entirety.

## III.

## OTHER CLAIMS

**Fraud**. Plaintiffs imply they are bringing a cause of action for fraud. They state on page 8 of Plaintiffs' First Amended Original Complaint, that Defendants violated Texas Civil Statute 6228a-5. In the same breath, they claim fraud. Texas Civil Statute 6228a-5 does not provide for a

02-177 ANDRUS VS. SAUCEDA: DISMISS
PAGE 2

civil cause of action for any violation. Violation of that statute is a criminal offense, a misdemeanor. Thus, any claim of a violation under this statute should be dismissed.

Moreover, there are no facts in their complaint which support a cause of action for fraud. In order to prevail on a cause of action for fraud, Plaintiff must prove (1) a material representation was made; (2) it was false when made; (3) the speaker knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance, and (6) the party was injured as a result. *Herrmann Holdings, Inc. v. Lucent Technologies, Inc.*, 302 F.3d 552 (5th Cir. 2002). There are no facts plead in Plaintiffs' complaint that support even an inference of a cause of action for fraud. On this basis, this claim should be dismissed.

**Immunity**. Both Dr. Sauceda and Mr. Errisuriz were school district employees and entitled to governmental immunity. Fraud is an intentional tort, and as such, barred by §101.056 of the Texas Civil Practices and Remedies Code. Moreover, the Texas Education Code covers Defendants with a second layer of immunity. Thus, §22.051 TEC[2] provides immunity to Defendants from any personal liability.

All of the actions of which Plaintiffs complain, although their veracity is vehemently disputed, were within the scope of their duties and certainly within their discretion, despite Plaintiffs' feeble attempts to state they were not. Plaintiffs' bald assertion that any decision as to whether they should allow Plaintiffs access to BISD campuses did not involve discretion or judgment fall flat on its face. The very nature of that <u>decision</u> is that the Superintendent must have deliberated on how the program was run before his arrival and how he intended to streamline it. By its very nature, it

---

[2] " (a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students." §22.051 Texas Education Code.

is a discretionary process, done within the scope of his duties as Superintendent, delegated to his Assistant, and performed in good faith. There is no claim that Mr. Errisuriz did not follow Dr. Sauceda's instructions properly. Therefore, both individuals, to the extent that there is any claim against them individually, would be entitled to qualified immunity. Thus, all the torts alleged by Plaintiffs should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants Dr. Noe Sauceda and Eddie Errisuriz, Jr., pray that this Court find that they are entitled to a dismissal of all claims filed by Plaintiffs, that they have no constitutionally protected property or liberty interest, that there has been no violation of the due process clause, and that Plaintiffs have failed to properly plead any other cause of action for which relief may be granted or for which Defendants to not have immunity, and for all other relief to which they may show themselves to be entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: *Eileen Leeds*
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799

Charles Willette, Jr
State Bar No. 21509700
USDC Adm. No. 1937

**ATTORNEY FOR DEFENDANTS NOE SAUCEDA AND EDDIE ERRISURIZ, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of October, 2002, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

**VIA CM/RRR # 7002 0460 0000 6650 0778**
Mr. J. Arnold Aguilar
Law Offices of J. Arnold Aguilar
Artemis Square, Ste. H-2
1200 Central Blvd.
Brownsville, Texas 78520

**VIA REGULAR MAIL**
Elizabeth G. Neally
Roerig, Oliveira, & Fisher, L.L.P.
855 W. Price Road, Ste. 9
Brownsville, Texas 78520

_____
Eileen M. Leeds

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ AND ANDRUS & PAZ, A PARTNERSHIP | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-02-143 JURY REQUESTED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA AND EDDIE ERRISURIZ, JR. | § § § | |

## AFFIDAVIT OF EDUARDO ERRISURIZ, JR.

STATE OF TEXAS § §
COUNTY OF CAMERON §

COMES NOW, Eduardo Errisuriz, Jr., an individual personally known to me who duly deposed, and sworn under oath stated follows:

1. My name is Eduardo Errisuriz, Jr.. I am over 21 years of age and there are no legal impediments to my making this affidavit. I have never been convicted of a crime and I am fully competent, duly qualified and authorized to make this Affidavit, and I have personal knowledge of the matters stated herein, and they are true and correct.

2. I was Assistant Superintendent for Human Resources at B.I.S.D.

3. I was given the assignment of determining what entities were accessing our campuses attempting to sell their products.

4. I contacted each known company and asked them to contact my office to set up a meeting if they were still interested in continuing their relationship as a vendor with B.I.S.D.

5. At no time, did an entity by the name Andrus & Paz ever make itself known to me or my staff. I never received any documentation from such an entity, nor was I every told by anyone, including the individual Plaintiffs that they worked for such an entity.

Further affiant sayeth not.

02-177: AFF-ERRISURIZ
PAGE 1

Eduardo Errisuriz, Jr.

SUBSCRIBED AND SWORN TO BEFORE ME, on the 30th day of October, 2002, to certify which witness my hand and official seal.

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS



BALVINA CAMPOS
MY COMMISSION EXPIRES
September 15, 2005

02-177: AFF-ERRISURIZ
PAGE 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ AND ANDRUS & PAZ, A PARTNERSHIP<br><br>VS.<br><br>BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA AND EDDIE ERRISURIZ, JR. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-02-143<br>JURY REQUESTED |

## ORDER GRANTING DEFENDANTS NOE SAUCEDA AND EDDIE ERRISURIZ'S MOTION TO DISMISS

On this the _____ day of _____, 2002, came on for consideration Defendants Noe Sauceda and Eddie Errisuriz's Motion to Dismiss. Having examined same and considered the arguments of counsel, this Court is of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendants Noe Sauceda and Eddie Errisuriz's Motion to Dismiss is GRANTED. It is further ORDERED that all of Plaintiff's claims be and are DISMISSED with prejudice.

SIGNED on this _____ day of _____, 2002.

_____
JUDGE PRESIDING

xc:

Ms. Eileen M. Leeds, Willette & Guerra, L.L.P., 3505 Boca Chica, Ste. 460, Brownsville, Texas 78521
Mr. J. Arnold Aguilar, Law Offices of J. Arnold Aguilar, Artemis Square, Ste. H-2, 1200 Central Blvd., Brownsville, Texas 78520
Ms. Elizabeth G. Neally, Roerig, Oliveira, & Fisher, L.L.P., 855 W. Price Road, Ste. 9, Brownsville, Texas 78520

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ AND ANDRUS & PAZ, A PARTNERSHIP | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-02-143 JURY REQUESTED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA AND EDDIE ERRISURIZ, JR. | § § § § | |

## ORDER SETTING HEARING ON DEFENDANTS NOE SAUCEDA AND EDDIE ERRISURIZ'S MOTION TO DISMISS

On this the _____ day of _____ 2002, came on to be considered Defendants Noe Sauceda and Eddie Errisuriz's Motion to Dismiss. After considering same, the Court is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendants Noe Sauceda and Eddie Errisuriz's Motion to Dismiss be and is hereby set for hearing on the _____ day of _____, 2002 at _____ a.m. o'clock in this Honorable Court.

SIGNED FOR ENTRY on this the _____ day of _____, 2002.

_____
JUDGE PRESIDING

xc:
xc:

Ms. Eileen M. Leeds, Willette & Guerra, L.L.P., 3505 Boca Chica, Ste. 460, Brownsville, Texas 78521
Mr. J. Arnold Aguilar, Law Offices of J. Arnold Aguilar, Artemis Square, Ste. H-2, 1200 Central Blvd., Brownsville, Texas 78520
Ms. Elizabeth G. Neally, Roerig, Oliveira, & Fisher, L.L.P., 855 W. Price Road, Ste. 9, Brownsville, Texas 78520