United States District Court
Southern District of Texas
FILED

NOV 0 7 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, <br> FERNANDO DE PENA, <br> VALENTIN PAZ and <br> ANDRUS & PAZ, a Partnership <br><br> vs. <br><br> BROWNSVILLE INDEPENDENT <br> SCHOOL DISTRICT, NOE SAUCEDA, <br> and EDDIE ERRISURIZ, JR. | § § § § § § § § § § § § | B-02-143 |

## DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RULE 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT,** one of the Defendants in the above-styled and numbered cause and files and serves this its Motion to Dismiss Plaintiffs' First Amended Original Petition under 12(b)(6) for failure to state a claim of action upon which relief can be granted on behalf of the Brownsville Independent School District. This Motion is filed prior to the filing of our Answer as allowed by F.R.C.P. 12(b).

### I.

### STATEMENT OF THE CASE

Plaintiffs bring suit against the Brownsville Independent School District claiming that under 42 U.S.C. §1983 they were denied due process by not being allowed to solicit their annuity, life, health and disability insurance on the Brownsville Independent School District campus. Plaintiffs

maintain that they were in partnership known as Andrus & Paz and was denied access to the School District to sell its product   Pursuant to the attached affidavit which was also provided in Noe Sauceda and Eddie Errisuriz' Motion to Dismiss, the Brownsville Independent School District is unaware that the company Andrus & Paz was allegedly soliciting products.  Mr. Errisuriz was the Assistant Superintendent for Human Resources at Brownsville I.S.D. at the time of Plaintiffs' claims.  Pursuant to his affidavit, he was given the assignment of determining what entities were allowed access to the campuses to attempt to sell insurance products.  As is indicated in Mr. Errisuriz's affidavit, no such entity ever solicited to go onto Brownsville I.S.D. campuses to sell its product.

## II.

## FOURTEENTH AMENDMENT

Plaintiffs' causes of action against the Brownsville Independent School District are claims of due process, and to the equal protection portion under the law pursuant to the Fourteenth Amendment to the U.S. Constitution.  See Plaintiff's First Amended Original Petition, paragraph 14.   No other causes of action have been pled against the Brownsville Independent School District.  In order to proceed on a claim for violation of the Fourteenth Amendment of the United States Constitution, Plaintiffs must first show loss of a property right or liberty interest.  Without establishing a property right or liberty interest, there is no due process claim under the Fourteenth Amendment.

Property rights are created by existing rules or understandings that stem from an independent source such as state statute, local ordinance, written contract, or mutually explicit

understanding enforceable under state law as express or implied contract. <u>Pehnke v. City of Galveston</u>, 977 F.Supp. 827, 830 (D.C. Galveston 1977) citing <u>Johnson v. Southwest Miss. Regional Med. Ctr</u>, 878 F.2d 856, 858 (5th Cir. 1989); <u>Perry v. Sindermonn</u>, 408 U.S. 593, 601-02, 92 S.Ct. 2694, 2699-2700, 33 L.Ed. 2d 570 (1972).

Here, Plaintiffs were not employees of Brownsville Independent School District and they were not independent contractors. There was no contract with Brownsville Independent School District between the Brownsville Independent School District and Plaintiffs. No money was exchanged for services between Brownsville I.S.D. and Plaintiffs. Plaintiffs merely were allowed to access Brownsville I.S.D. employees to sell their products. By no means do Plaintiffs enjoy any property right or liberty interest from Brownsville I.S.D. Mr. Errisuriz' affidavit establishes further that Andrus & Paz never even submitted any proposals to BISD.

Under no scenario can the allegations raised in Plaintiffs' First Amended Original Petition rise to a property interest. It is common practice for school districts to limit access to their campuses. Solicitation of school district employees for purpose of selling a product is not a constitutional right. There is no case law to support such a right. Plaintiffs' inability to prove such a property or liberty interest based on current state or federal law is grounds for dismissal of this lawsuit under F.R.C.P. 12(b)(6) for failure to state a cause of action. Therefore, this claim should be dismissed in its entirety.

Further, Defendant loosely pleads that they were denied equal protection under the Fourteenth Amendment. Although given the opportunity by the court to replead their case in a more definite fashion, Plaintiffs have made no mention of the threshold requirements of such

claim. Plaintiffs fail to establish that a classification was made by the Brownsville I.S.D., they failed to allege they were members of a protected class. Further, in order to make out an equal protection claim, Plaintiffs must also prove the existence of purposeful discrimination motivating the alleged state action. See Pehnke v. City of Galveston, 977 F.Supp. 827, 829 (DC Galveston Div. 1997) citing Washington v. Davis, 426 U.S. 229, 246-50, 96 S.Ct. 2040, 2051-52, 48 L.Ed 597 (1976).

Here, no such theory has been expounded, and as in Pehnke, it is not the court's job to ferret Plaintiff's theory out. Pehnke, 977 F.Supp at 830. Plaintiffs' claims under this cause of action should also be dismissed.

### III.

### IMMUNITY

Both Dr. Sauceda and Mr. Errisuriz have raised the defense of immunity. It is undisputed that both were School District employees at the time of the alleged incidents and therefore are entitled to governmental immunity. To the extent that these two individuals are granted immunity, then the Brownsville Independent School District as their employer is also entitled to sovereign immunity.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT** prays that Plaintiffs' suit be dismissed at Plaintiffs' cost, and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Attorneys for Petitioner

By _____
ELIZABETH G. NEALLY
Texas Bar No. 14840400
Federal Bar No. 8044

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing **DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RULE 12(b)(6) MOTION TO DISMISS** has been mailed, Certified, Return Receipt Requested vis U.S. Postal Service to counsel of record, to wit:

J. Arnold Aguilar
**Law Offices of J. Arnold Aguilar**
Artemis Square, Suite H-2,
1200 Central Boulevard
Brownsville, Texas 78520
[CM/RRR 7160 3901 9844 7054 6309]

Eileen Leeds
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
[CM/RRR 7160 3901 9844 7054 6316]

on this ___ day of November, 2002.

_____
Elizabeth G. Neally

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ AND ANDRUS & PAZ, A PARTNERSHIP | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-02-143 JURY REQUESTED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA AND EDDIE ERRISURIZ, JR. | § § § | |

### AFFIDAVIT OF EDUARDO ERRISURIZ, JR.

STATE OF TEXAS        §
                      §
COUNTY OF CAMERON     §

COMES NOW, Eduardo Errisuriz, Jr., an individual personally known to me who duly deposed, and sworn under oath stated follows:

1. My name is Eduardo Errisuriz, Jr.. I am over 21 years of age and there are no legal impediments to my making this affidavit. I have never been convicted of a crime and I am fully competent, duly qualified and authorized to make this Affidavit, and I have personal knowledge of the matters stated herein, and they are true and correct.

2. I was Assistant Superintendent for Human Resources at B.I.S.D.

3. I was given the assignment of determining what entities were accessing our campuses attempting to sell their products.

4. I contacted each known company and asked them to contact my office to set up a meeting if they were still interested in continuing their relationship as a vendor with B.I.S.D.

5. At no time, did an entity by the name Andrus & Paz ever make itself known to me or my staff. I never received any documentation from such an entity, nor was I every told by anyone, including the individual Plaintiffs that they worked for such an entity.

Further affiant sayeth not.

02-177: AFF-ERRISURIZ
PAGE 1

_Eduardo Errisuriz_
Eduardo Errisuriz, Jr.

SUBSCRIBED AND SWORN TO BEFORE ME, on the _30th_ day of _October_, 2002, to certify which witness my hand and official seal.

_Balvina Campos_
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS



BALVINA CAMPOS
MY COMMISSION EXPIRES
September 15, 2005

02-177: AFF-ERRISURIZ
PAGE 2