IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ and ANDRUS & PAZ, *a partnership* | § § § § | |
| VS. | § § § | CIVIL ACTION NO. B - 02 - 143 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA and EDDIE ERRISURIZ, JR. | § § § | (JURY REQUESTED) |

United States District Court
Southern District of Texas
FILED

FEB 26 2003

Michael N. Milby
Clerk of Court

---

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANTS BISD'S, SAUCEDA'S AND ERRISURIZ'S MOTIONS TO DISMISS**

---

TO THE HONORABLE U. S. DISTRICT COURT:

COME NOW **STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ** and **ANDRUS & PAZ**, *a partnership*, Plaintiffs herein, and file this their Supplemental Brief in Response to Brownsville Independent School District's Motion to Dismiss and Defendants Noe Sauceda and Eddie Errisuriz's Motion to Dismiss, and for such supplemental briefing would respectfully show unto the Court the following:

## I.

## SUMMARY OF SUPPLEMENTATION

After Plaintiffs submitted their responses to Defendants' Motions to Dismiss, a concern arose as to whether Defendants contended that Plaintiffs were not entitled to due process protections

*because they were not employees of Defendant BISD*. The case law referenced herein establishes, however, that Plaintiffs are entitled to due process protections even though they were not employees of Defendant BISD.

## SUPPLEMENTAL ARGUMENT AND AUTHORITIES

The evidence and exhibits submitted in Plaintiffs' prior responses establish that Plaintiffs are independent insurance agents, who had previously been authorized to solicit tax sheltered annuity products to eligible employees of the Brownsville Independent School District (hereinafter BISD). Because Plaintiffs had a history of employment in this manner, and because this was their chosen profession as established through their employment history, Defendants cannot now argue that these Plaintiffs did not have a property right to continue to pursue their chosen profession.

As the U.S. Supreme Court has previously explained, work opportunities may not be "severely limited on the basis of a fact determination rendered after a hearing which failed to comport with our traditional ideas of fair procedure," even where the complaining party is not an employee of the governmental entity, but is instead privately employed. ***Green v. McElroy***, 360 U.S. 474, 508, 79 S. Ct. 1400, 1419, 3 L. Ed. 2d 1377 (1959). It is undisputed that Plaintiffs all had previously been granted authorizations to solicit their products to BISD employees. See Exhibits B, C, D, E & F, attached to Plaintiffs' Response to Defendant BISD's Motion to Dismiss and Plaintiffs' Response to Defendants Noe Sauceda and Eddie Errisuriz's Motion to Dismiss. Plaintiffs were prevented, however, from participating in their chosen profession after those authorizations were issued. Sales of §403(b) products are almost exclusively made during the early part of the year. By failing to allow Plaintiffs to solicit their products, while granting Mr. Soliz

exclusive access to BISD employees and resources during mandatory meetings, Plaintiffs were prevented from following their chosen profession or making any sales of §403(b) products.

Just as a federal agency "cannot arbitrarily interfere with [a private employee's] continuing employment relationship with [his employer]" without depriving the employee of a property interest, so too BISD could not interfere with Plaintiffs attempts to solicit their products without affecting a deprivation of their property interests. *See Fed. Deposit INS. Corp. v. Mallen*, 486 U.S. 230, 240, 108 S. Ct. 780, 1787, 100 L. Ed. 2d 265 (1988). Plaintiff's "interest in continued employment is without doubt an important interest that ought not be interrupted without substantial justification." *Id.* 1789.

The Fifth Circuit has similarly acknowledged the existence of a property right in private employment, with which the government cannot interfere. "It has been stated that an individual's right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within the "liberty" and "property" concepts of the Fifth Amendment." *VanderZee v. Reno*, 73 F.3d 1365, 1370 (5th Cir. 1996). *Vander Zee* involved a Texas bank executive who was complaining of action taken by the FDIC following his indictment, which precluded his future employment. The Fifth Circuit explained that had the Plaintiff alleged the Defendant coerced or caused his termination from his private employer, that claim would have been allowed to stand. *Id.* at 1370-71.

There should be no question that Plaintiffs had a property right to continued employment without unreasonable governmental interference. "It requires no argument to show that the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the [Fourteenth] Amendment to

secure." *Truax v. Raich*, 239 U.S. 33, 41, 36 S.Ct. 7, 10, 60 L.Ed. 131 (1915). Indeed, the Supreme Court has repeatedly held that individuals enjoy due process and equal protection rights to engage in private employment. *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923) ("Without doubt, ['liberty' in the Fourteenth Amendment] denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life . . . ."); *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238-39, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957) ("A state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment."); *Greene v. McElroy*, 360 U.S. 474, 492, 79 S.Ct. 1400, 1411, 3 L.Ed.2d 1377 (1959) ("[T]he right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within the 'liberty' and 'property' concepts of the Fifth Amendment . . . .").

The Fifth Circuit has similarly acknowledged these rights. *San Jacinto Savings & Loan v. Kocal*, 928 F.2d 697, 704 (5th Cir. 1991) (Plaintiff's "property interest in the profits of her business and her liberty interest in operating her business do rise to the level of protectible interests."); *Phillips v. Vandygriff*, 711 F.2d 1217, 1222-23 (5th Cir. 1983), cert. denied, *Vandygriff v. Phillips*, 469 U.S. 821, 105 S.Ct. 94, 83 L.Ed.2d 40 (1989) ("The freedom to pursue any of the 'common occupations' has long been held to be a liberty interest."). *See also, Shaw v. Hospital Authority*, 507 F.2d 625, 628 (5th Cir. 1975); *Ferrell v. Dallas Independent School District*, 392 F.2d 697, 704 (5th Cir. 1968). Although Plaintiffs did not have an employment contract with Defendant BISD, they still maintained property and liberty interests in being able to continue their private

employment and to follow their chosen profession free from unreasonable governmental interference by Defendants.

"'Due process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895, 81 S. Ct. 1743, 1748, 6 L. Ed. 2d 1230 (1961); *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 162-63, 71 S. Ct. 624, 643, 95 L. Ed. 817 (1951)(concurring opinion). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrisey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972). Whether the procedures actually applied were "constitutionally sufficient requires analysis of the governmental and private interests that are affected." *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976). As the Supreme Court has explained, its

> prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Id*. 424, U.S. at 334-35, 96 S. Ct. at 903.

Plaintiffs have established that the actions of Defendants affected their significant private interests, in that they were prevented from engaging in their chosen profession because of Defendants' actions. Defendants, on the hand, have provided no evidence of any significant interest in immediately suspending them from engaging in their chosen profession and from soliciting §403(b) products. Defendant's unilateral withdrawal of Plaintiffs authorizations to solicit §403(b) products, while allowing a single agent to solicit his §403(b) products, without any timely

opportunity to be heard, carried with it a significant risk that Plaintiffs would be deprived of their ability to effectively engage in their chosen profession, particularly because agent Soliz was allowed to have exclusive access to BISD employees and resources and to make presentations at mandatory meetings. Rather than the draconian measure of immediate withdrawal of Plaintiffs' authorizations, Defendants could have employed an alternative or substitute procedure to assess the merits of any concerns Defendants may have had. Defendants could have simply notified Plaintiffs of any proposed new guidelines or procedures and set the proposed withdrawal of Plaintiffs' authorizations for consideration by the BISD Board of Trustees, Defendant Sauceda, the BISD Insurance Administrator, or the BISD Insurance Committee on a date certain, rather than summarily withdrawing Plaintiffs' authorizations. Alternatively, if Defendants were concerned about Plaintiffs' or their products in particular, they could have set that concern for consideration as well. By summarily withdrawing Plaintiffs' authorizations, however, Defendants abruptly halted Plaintiffs' ability to engage in their chosen profession.

    As for the third factor, BISD's interest in removing Plaintiffs immediately, without any notice or opportunity to be heard, Defendants have not identified any interest that would justify the immediate withdrawal of Plaintiffs' authorizations. Nor have Defendants identified any burden or harm they would have suffered by allowing the matter to be set for consideration by the BISD Board of Trustees, Defendant Sauceda, the BISD Insurance Administrator, or the BISD Insurance Committee, so that Plaintiffs would have been able carry on their livelihood. Such an alternative procedure would have resulted in minimal delay and inconvenience to Defendants. Defendants have identified no reason why the withdrawal of Plaintiffs' authorizations required *immediate* attention, however. Providing Plaintiffs with a hearing and appropriate due process would have

imposed only a *de minimus* burden on Defendants Sauceda and BISD. In contrast, Defendants' unilateral action in withdrawing Plaintiffs' authorizations without an opportunity to be heard had a debilitating effect on their ability to engage in their chosen profession.

For the reasons set out above, Plaintiffs would respectfully request that the Court deny Defendants' Motions to Dismiss, and allow Plaintiffs to proceed with their claims in the prosecution of this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **STEPHEN M. ANDRUS, FERNANDO DE PENA, VALENTIN PAZ and ANDRUS & PAZ,** *a partnership,* respectfully request that upon consideration of Defendant BISD's Motion to Dismiss and Defendants Noe Sauceda and Eddie Errisuriz's Motion to Dismiss, that such Motions be DENIED in their entirety, that this matter be allowed to proceed accordingly, and that Plaintiffs be granted such other and further relief to which they may show themselves to be justly entitled, whether general or special, at law and in equity.

Signed on this the 26th day of February, 2003.

                Respectfully submitted,

                **LAW OFFICE**
                **J. ARNOLD AGUILAR**
                Artemis Square, Suite H-2
                1200 Central Boulevard
                Brownsville, Texas  78520
                Telephone   : (956) 504-1100
                Facsimile    : (956) 504-1408

By: _____
        J. Arnold Aguilar
        State Bar No. 00936270
        Federal Adm. No. 6822

        Attorney for Plaintiffs,
        STEPHEN M. ANDRUS, FERNANDO
        DE PENA, VALENTIN PAZ and
        ANDRUS & PAZ, *a partnership*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANTS BISD'S, SAUCEDA'S and ERRISURIZ'S MOTIONS TO DISMISS** has on this the 26th day of February, 2003, been forwarded via hand delivery to:

Ms. Elizabeth G. Neally
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Rd., Suite 9
Brownsville, TX 78520


Ms. Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, TX 78521


_____
J. Arnold Aguilar