## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO | § | |
| DE PEÑA, VALENTIN PAZ and | § | |
| ANDRUS & PAZ, *a partnership* | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 02 - 143 |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA | § | |
| and EDDIE ERRISURIZ, JR. | § | **(JURY REQUESTED)** |

United States District Court
Southern District of Texas
FILED

FEB 2 6 2003

Michael N. Milby
Clerk of Court

### MOTION FOR LEAVE TO FILE PLAINTIFFS'
### SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE U. S. DISTRICT COURT:

COME NOW **STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ**
and **ANDRUS & PAZ**, *a partnership*, Plaintiffs herein, and respectfully file this their Motion
for Leave to File Plaintiffs' Second Amended Original Complaint and in support thereof would
respectfully show unto the Court as follows:

### I.

Plaintiffs request that the Court allow them leave to file their Second Amended Original
Complaint, in order to clarify their pleadings based on additional investigation and the need to
include all the claims and bases for such relief, and in order to conform Plaintiffs' claims to the
evidence.

## II.

Plaintiffs now request leave of this Court to file their Second Amended Original Complaint, a copy of which is attached as Exhibit "A" and incorporated by reference as though set out herein. Discovery in this action is not yet completed, and the filing of this Second Amended Original Complaint will not require any additional discovery or otherwise delay the trial of this action, but will rather aid the determination of this cause on the merits.

This motion is not being presented for harassment or delay, but solely so that the interests of justice may be served.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs **STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ** and **ANDRUS & PAZ**, *a partnership*, respectfully request that the Court enter an Order Granting Leave to file Plaintiffs' Second Amended Original Complaint attached hereto as Exhibit "A."

Signed on this the 26th day of February, 2003.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone      :  (956) 504-1100
Facsimile       :  (956) 504-1408

By: _____
        J. Arnold Aguilar
        State Bar No. 00936270
        Federal Adm. No. 6822

Attorney for Plaintiffs,
STEPHEN M. ANDRUS, FERNANDO
DE PEÑA, VALENTIN PAZ and
ANDRUS & PAZ, *a partnership*

## CERTIFICATE OF CONFERENCE

I, J. Arnold Aguilar, hereby certify that I have conferred with Defendants' counselors with regard to Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Original Complaint, and they responded as follows:

Elizabeth Neally

___X____     _____     _____
opposed     unopposed     unavailable

Eileen M. Leeds

___X____     _____     _____
opposed     unopposed     unavailable

J. Arnold Aguilar

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT** has on this the 26th day of February, 2003, been forwarded via hand delivery to:


Ms. Elizabeth G. Neally
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Rd., Suite 9
Brownsville, TX 78520


Ms. Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, TX 78521


J. Arnold Aguilar


V:\FP\MOTIONS\263-02.M4L                                          **PAGE 5**

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO | § | |
| DE PEÑA, VALENTIN PAZ and | § | |
| ANDRUS & PAZ, *a partnership* | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 02 - 143 |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA | § | |
| and EDDIE ERRISURIZ, JR. | § | **(JURY REQUESTED)** |

---

### PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

---

TO THE HONORABLE U. S. DISTRICT COURT:

COME NOW PLAINTIFFS **STEPHEN M. ANDRUS, FERNANDO DE PEÑA,**

**VALENTIN PAZ** and **ANDRUS & PAZ**, *a partnership,* complaining of Defendants Brownsville

Independent School District, Noe Sauceda and Eddie Errisuriz, Jr., and for such cause would

respectfully show unto the Court and jury the following:

### I.
### JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter in controversy in this action,

pursuant to 28 U.S.C. §§1331 and 1343, and the claims are within the jurisdictional limits of

this Court.  Venue is also proper in this Court pursuant to Texas Civil Practice and Remedies

Code §15.002 because all or a substantial part of the events or omissions giving rise to the

claims herein occurred in Cameron County, and the Defendants' residences at the time the

causes of action accrued was in Cameron County, Texas.

## II.

## PARTIES

2.    Plaintiff STEPHEN M. ANDRUS is a resident of Los Fresnos, Cameron County, Texas.

3.    Plaintiff FERNANDO DE PEÑA is a resident of Brownsville, Cameron County, Texas.

4.    Plaintiff VALENTIN PAZ is a resident of Brownsville, Cameron County, Texas.

5.    Plaintiff ANDRUS & PAZ, a partnership, is an independent insurance agency licensed under the laws of the State of Texas to sell life, accident, health and health maintenance organization insurance, whose office is situated in Brownsville, Cameron County, Texas.

6.    Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT (BISD) is an independent school district organized under the laws of the State of Texas.  Service has been had upon this Defendant and an answer has been filed on its behalf and this Second Amended Original Complaint may be served on its attorney of record.

7.    Defendant NOE SAUCEDA is an individual resident of Brownsville, Cameron County, Texas, at all relevant times herein.  An answer has been filed on his behalf and this Second Amended Original Complaint may be served on his attorney of record.

8.    Defendant Eddie Errisuriz, Jr. is an individual resident of Brownsville, Cameron County, Texas, at all times relevant herein.  Service has been had upon this Defendant and an answer has been filed on his behalf and this Second Amended Original Complaint may be served on his attorney of record.

## III.

## FACTUAL BACKGROUND AND ALLEGATIONS

9.    Plaintiffs STEPHEN M. ANDRUS and VALENTIN PAZ are members of a partnership known as Andrus & Paz, an organization dedicated to retirement planning and the sale of annuities and the sale of health, life and disability insurance.    Plaintiffs STEPHEN ANDRUS, FERNANDO DE PEÑA, and agents of Andrus & Paz had been authorized to solicit tax sheltered annuity products to eligible employees of the Brownsville Independent School District, pursuant to the Brownsville Independent School District's Vendor Rules & Regulations for The Tax-Sheltered Annuity Program (hereinafter Vendor Rules) in effect since as early as 1994.    Having received BISD authorization to solicit employees through May and September 2002, Plaintiffs Andrus, de Peña and agents of Andrus & Paz began to make arrangements to solicit their products to BISD employees at the beginning of the 2001-2002 school year.

10.    On or about August 10, 2001, Plaintiff Andrus provided the letter attached hereto as **Exhibit "A"** to Defendant BISD's Insurance Department, to at least one (1) BISD Board Trustee, and to Defendant Sauceda.    As set out in that letter, Plaintiff Andrus was notifying Defendants of the illegality of their actions in attempting to retain a Third Party Administrator (hereinafter TPA) to administer the Section 125 and Section 403(b) accounts.    As Plaintiff pointed out, BISD's role in administering §403(b) accounts was limited by state law, and a TPA may not be used to solicit and present products to the insurance committee for selection of carriers.    Plaintiff Andrus specifically pointed out the authority on which he believed Defendant BISD's actions were illegal.    Mr. Andrus received no response to this letter, however.    Instead,

v:\fp\pop\263-02.2ND                                                                                    PAGE 3

Defendants thereafter withdrew Plaintiff Andrus' and his associates' authorizations to solicit their 403b products, and allowed only a single agent to do so throughout BISD, to the extent of even allowing that person improper access to BISD employees and resources.

11.    During September 2001, Plaintiffs began attempts to solicit their products to BISD employees. They were abruptly informed, however, that although their letter of introduction specifically indicated they were allowed to do so through 2002, they were in fact no longer to be allowed to visit school campuses to attempt to sell their products. Although Section IV(I)(1) specifically provides that "BISD may terminate a Vendor's participation in the [Tax-Sheltered Annuity] program by sending a written notice to each participant in the Vendor's program and the primary contact for the vendor at least ninety (90) days in advance of the termination date," and although no such notice was ever provided to Plaintiffs herein, Defendants summarily denied Plaintiffs the opportunity to solicit any of their products for the remainder of school year.

12.    Plaintiffs thereafter learned that although they were not being allowed to solicit their products on campus, other insurance representatives were not only being allowed to solicit their products, but Defendant BISD, through Defendants SAUCEDA and ERRISURIZ, were authorizing presentations on school campuses, during school working hours, which principals and administrators were required to attend. In particular, David Soliz was allowed to make presentations to principals and administrators during school hours and on school campuses, outlining products for Commercial Union insurance company. Attendance at these meetings was mandatory, contrary to Defendant BISD's Vendor Rules Section IV(F)(2), which provides that

v:\fp\pop\263-02.2ND                                                              PAGE 4

"[r]epresentatives are allowed to make sales presentations on BISD premises only at the request of the employee." In addition, although Plaintiffs were also authorized to sell Commercial Union products, these Plaintiffs and their agents were specifically not allowed to make those same presentations, nor were they allowed to make any presentations or even attempt to sell any products to BISD employees in any other manner whatsoever. Although Plaintiffs specifically notified Defendants BISD and SAUCEDA, as well as each of the BISD Trustees, of their request to be allowed to solicit products in the same manner as Mr. Soliz was allowed to do, no response to that request was ever provided.

13.     On October 18, 2001, Plaintiff Andrus therefore submitted a letter to the BISD Board of Trustees, notifying them of the withdrawal of his authorization to solicit §403(b) products to BISD's employees, while Mr. Soliz was allowed access and mandatory presentations during school hours to solicit his products. Although at least one (1) Board Member questioned the authority to make presentations on the campuses during school hours, no action was taken to provide Plaintiffs with similar authority or to restrict Mr. Soliz' authority to do so. As a result, Mr. Andrus submitted yet another letter to the newly appointed Administrator for Insurance, again requesting authority to solicit his products, on November 7, 2001. Coincidently, on this same day, Mr. Soliz was making a §403(b) presentation to a group of principals, at which their presence was mandated. No response was provided to that request either.

14. Therefore, on November 13, 2001, Plaintiff Andrus addressed the Board of Trustees during the Public Comment Section of their regularly scheduled Board Meeting. During that meeting, Andrus specifically requested permission to solicit his products, as he had done previously. He explained that another agent was being allowed to use the BISD mail system to solicit his products, that the agent was allowed to make presentations during mandatory meetings of BISD employees, and that permission to the agent had been granted by E.E.Jr. No response was provided to Mr. Andrus' comments during that meeting, however.

15. As a result of Plaintiff Andrus' comments, on the following day, November 14, 2001, Defendant SAUCEDA notified all principals and administrators that "[i]nsurance and/or tax deferred annuity information made available to [them] by vendors, etc., is **not** to be disseminated to anyone **without** your securing **prior approval** from either Mr. Eddie Errisuriz, Assistant Superintendent for Human Resources or [himself]." (Emphasis in original). Although BISD's Vendor Rules provide that "[n]o bulk mailings and/or telephone solicitations are permitted to BISD offices or campus locations," Defendant Errisuriz had already earlier specifically authorized a bulk mailing/distribution to all BISD employees of a solicitation letter by David Soliz. A copy of that authorization to distribute is attached as **Exhibit "B."** No such authorization was ever provided to Plaintiffs, however.

16. Once Plaintiffs learned that Mr. Errisuriz had approved CGU as a company allowed to have campus visitations by Mr. Soliz, they requested a similar letter of introduction and permission to do the same, since they were also licensed to solicit CGU products. Like

Plaintiffs' prior requests, that request also went unanswered by Defendants. Instead, a representative of CGU requested that Plaintiffs "donate" 20% of their sales profits, indicating Plaintiffs could "either work for us or we will put you out of business." When Plaintiffs refused, their contract to sell CGU products was summarily, and unilaterally, terminated. By failing to take action after numerous notices were provided, Defendant Brownsville I.S.D. confirmed its custom and policy to approve or adopt Defendants Sauceda's and Errisuriz's decisions, and Plaintiffs were denied the opportunity to solicit their products as they had been doing for the prior 32 years.

17.     Defendants' actions in summarily withdrawing Plaintiffs' authorizations to solicit tax-sheltered annuity products was without any prior written notice or any legitimate justification or basis, in retaliation for Plaintiff Andrus' written and spoken comments to Defendants, or for their association with Plaintiff Andrus, and deprived Plaintiffs ANDRUS, DE PEÑA, PAZ and ANDRUS & PAZ of their entitlement to sell policies and earn commissions from the sale of those policies and of their ability to make a living in their chosen profession. No appropriate written notice was ever provided to any of the Plaintiffs of the termination of any vendor. To the contrary, while other agents were allowed to continue solicitations for certain authorized vendors, Plaintiffs were not allowed to do so for those same vendors.

## IV.

## CAUSES OF ACTION

18.    The facts alleged in Section IV are incorporated as though fully set out herein. As set out therein, the actions of Defendants BISD, NOE SAUCEDA and EDDIE ERRISURIZ, JR., constituted a deprivation of Plaintiffs STEPHEN M. ANDRUS', FERNANDO DE PEÑA'S, VALENTIN PAZ'S and ANDRUS & PAZ'S rights to freedom of speech and association, to due process, to property, to liberty, and to the equal protection of the laws, pursuant to the customs and policies of Defendant BISD, protected through the First, Fifth and Fourteenth Amendments to the U.S. Constitution, for which Plaintiffs complain pursuant to 42 U.S.C. §1983.   Defendant BISD is liable for the actions of Defendant Noe Sauceda as its Superintendent of Schools and its policymaker in the area of approval of insurance and/or tax deferred annuity vendors, and the standards for approval of such vendors.   In addition and/or in the alternative, as part of its customs and policies, Defendant BISD's Board of Trustees approved or adopted Defendants Sauceda's and Errisuriz's decisions to exclude Plaintiffs from participation in BISD's insurance and/or tax deferred annuity programs, as reflected by its refusal to take any action on Plaintiff's exclusion following Plaintiff Andrus' notification to the Board of Defendants' actions.   By refusing to act once it had been notified of Defendants Sauceda's and Errisuriz's actions, Defendant BISD accepted these Defendants' actions as its custom and policy.   Had BISD's custom or policy been otherwise, the Board of Trustees would have notified Plaintiffs and their Co-Defendants that such actions were not appropriate, and Defendant BISD could have taken action to correct any improper actions being taken by their Co-Defendants.   Instead, the Board took no action.

19.     Insurance agents are authorized to solicit tax sheltered annuity products to eligible BISD employees only pursuant to BISD's Vendor Rules & Regulations. Although Plaintiffs had previously been granted authorizations to solicit employees through May and September 2002, Defendants BISD, Sauceda and Errisuriz summarily withdrew those authorizations in September 2001 without any prior oral or written notice that Defendants were even considering withdrawing the authorizations or disqualifying Plaintiffs from participating in the tax-sheltered annuity program. Nor were Plaintiffs provided with any opportunity to be heard regarding any change in the Vendor Rules & Regulations or the withdrawal of the authorizations previously granted. Although Plaintiffs' livelihoods depended on sales of the annuity products described herein, and Plaintiffs relied on Defendant BISD's Vendor Rules and Regulations as the governing authority for the authorization to sell those annuity products, Defendants BISD, Sauceda and Errisuriz withdrew Plaintiffs' authorizations in Kafka-esque fashion, providing Plaintiffs with no notice of the reasons or basis for their decision, nor of any opportunity to be heard on that decision. At the same time, however, Defendants BISD, Sauceda and Errisuriz were allowing only a single crony, David Soliz, to continue to sell some of the exact same policies Plaintiffs were excluded from attempting to sell. Such withdrawals without notice or an opportunity to be heard violated the due process, property, liberty and equal protection rights of Plaintiffs herein, protected by the Fourteenth Amendment to the U.S. Constitution, and were in retaliation for Plaintiffs Andrus' and Andrus & Paz's exercise of the right to free speech and in retaliation of Plaintiffs De Peña's, Paz's and Andrus & Paz's freedom of association, for which Plaintiffs sue pursuant to 42 U.S.C. §1983.

20.    The actions of Defendants Sauceda and Errisuriz were undertaken with a conscious or deliberate indifference to violate Plaintiffs' clearly established constitutional rights of which a reasonable person in Defendants' positions would have known.  In addition, the actions of Defendants SAUCEDA and ERRISURIZ constituted the tortious interference with prospective business relationships because their actions were conducted with a deliberate intention to interfere with Plaintiffs' business relationships with the vendors and BISD employees with whom they did business, by violating Texas Civil Statutes Article 6228a-5, section 9, and constituted a fraud on Plaintiffs and BISD employees, for which Plaintiffs also sue.  Although there was more than a reasonable probability that Plaintiffs and BISD employees would have entered into several contractual relationships, Defendants Sauceda and Errisuriz acted with a conscious desire to prevent Plaintiffs from entering these contracts by excluding their entry onto BISD premises, while granting entry and access to Mr. Soliz exclusively.  These Defendants knew that interference was certain or substantially certain to occur as a result of their conduct. Defendants  SAUCEDA and ERRISURIZ deliberately used the positions they held to cause damages to Plaintiffs, without privilege or justification, and Plaintiffs suffered damages as a result.

21.    The actions of Defendants SAUCEDA and ERRISURIZ in refusing to authorize Plaintiffs to continue to solicit their products were not actions that involved either judgment or discretion.  To the contrary, these Defendants did not have any judgment or discretion to prohibit Plaintiffs from soliciting products from BISD employees, while allowing other agents to solicit products from those same employees for those same vendors.  Once Plaintiffs met the

requirements found in BISD's Vendor Rules, the Texas Civil Statutes and the Texas Insurance Code, the granting of an authorization to solicit employees did not involve any exercise of judgment or discretion, but should have merely been a ministerial action. Defendants SAUCEDA and ERRISURIZ are therefore liable for interfering with that ministerial function of granting the authorization, in order to further their own personal gain in interfering with Plaintiffs' business relationships.

22.    Plaintiffs would further show that the actions of Defendants SAUCEDA and ERRISURIZ constituted fraud and malice, for which Plaintiffs are entitled to actual and punitive or exemplary damages, pursuant to Texas Common Law and Texas Civil Practice & Remedies Code §41.001, *et seq*. Defendants SAUCEDA and ERRISURIZ engaged in a conspiracy to defraud Plaintiffs and employees of BISD as set out above and by representing that the products being sold by Mr. Soliz were the only products available to BISD employees, when in fact Plaintiffs had also received prior permission to solicit their products and qualified to do so but for Defendants' actions. As a result of these Defendants' representations, Plaintiffs were prevented from soliciting BISD employees and thereby suffered damages.

## V.

## DAMAGES

23.    As a direct and proximate result of the facts made the basis of this lawsuit, Plaintiffs sustained personal injuries and damages, and those injuries and damages were proximately caused by the acts and/or omissions of Defendants, for which Plaintiffs now seek recovery.  Such damages include a loss of wages and wage earning capacity, loss of income and income opportunities, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and in the future.  Plaintiffs seek all actual and compensatory damages to which they may be entitled under the law.  Plaintiffs also seek recovery of their reasonable and necessary attorney's fees and expenses, pursuant to 42 U.S.C. §1988.

## VI.

## CONDITIONS PRECEDENT

24.    All conditions precedent to the filing of this suit and the recovery of the damages prayed for herein have occurred and have been performed.

## VII.

## JURY TRIAL REQUEST

25.    Plaintiffs **STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ and ANDRUS & PAZ,** *a partnership*, have timely requested that a jury of their peers be convened to determine the facts made the basis of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ and ANDRUS & PAZ,** *a partnership,* respectfully pray that the Defendants BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA and EDDIE ERRISURIZ, JR. be cited to appear and answer herein, and that upon final hearing of this action, that judgment be entered for Plaintiffs and against Defendants for all actual, compensatory, and punitive or exemplary damages suffered by Plaintiffs, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest at the maximum rate allowed by law, reasonable attorneys' fees and expenses incurred by Plaintiff, and costs of court, as well as all other and further relief to which Plaintiffs may show themselves to be justly entitled, whether special or general, at law and in equity.

Signed on this the 26th day of February, 2003.

> Respectfully submitted,
>
> **LAW OFFICE**
> **J. ARNOLD AGUILAR**
> Artemis Square, Suite H-2
> 1200 Central Boulevard
> Brownsville, Texas 78520
> Telephone     :  (956) 504-1100
> Facsimile      :  (956) 504-1408

By: _____
> J. Arnold Aguilar
> State Bar No. 00936270
> Federal Adm. No. 6822
>
> Attorney for Plaintiffs,
> STEPHEN M. ANDRUS, FERNANDO DE PEÑA,
> VALENTIN PAZ and ANDRUS & PAZ,
> *a partnership*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT** has on this the 26th day of February, 2003, been forwarded via hand delivery to:

Ms. Elizabeth G. Neally
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Rd., Suite 9
Brownsville, TX 78520

Ms. Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
3505 Boca Chica Blvd., Ste. 460
Brownsville, TX 78521

_____
J. Arnold Aguilar

# EXHIBIT "A"

STEPHEN M. ANDRUS    GENERAL MANAGER
805 W. Price Rd. Ste. A2
Brownsville, TX. 78520
Office:  956-546-3663    Fax:    956-541-2334

August 10, 2001

To all it may concern:

I am writing in response to BISD's recent RFQ for a TPA to administer section 125 and 403b accounts. Being a 403b specialist, I believe this action would be financial suicide on the behalf of the school district. In the last couple years, school employees in other districts because of similar actions have won class action lawsuits. There are five points I wish to argue as to why this RFQ is not in the best interest of BISD and how it will undoubtedly push the district into litigation.

The most important reason this is not in BISD's best interest; It is, "**Illegal.**" With the enactment of the Tax Reform Act of 1986, school districts are required to comply with 401(a)(4), 401(m) and 410(b), nondiscrimination rules. According to I.R.C. Hndbk. [7.7.1] 13.1.1.1 (05-21-1999). Subchapter 2 specifically states, "Employer's involvement in the Plan is strictly limited to providing a list of insurance carriers to employees and executing salary reduction agreements. In the Scope and Intent of the BISD's RFQ however, it states, "It is the intent of BISD to transfer the responsibility to the Agent/Agency to solicit the individual products and present such products to the BISD employee insurance committee for selection of carriers." Letting the TPA present and control such products is a violation of the nondiscrimination rules. This leads me to my second argument.

If it is up to the TPA to present such products for solicitation then the employee's choices become limited. A teacher should be able to choose their own annuity provider and according to the I.R.C. it is their right to do so. By letting a TPA select the products to be solicited, the teacher can infer that those are the only products available and a disadvantageous scenario is presented to the teacher. This exact scenario triggered a lawsuit just a year ago in the Laredo school district. Furthermore, if the TPA is to in-service the teacher on these plans, which is addressed in the RFQ then this also implies that a teacher must choose one of the TPA's carriers.

The next point I'd like to make is that it is completely unnecessary and costly to have a TPA administer section 403b. The Texas Department of Insurance regulates and approves insurance companies to do business in the state of Texas. So why then does BISD need to pay a TPA to select what the Texas Department of Insurance has already done? Additionally, some TPA's will pass on a fee to the teacher for participation in the 403b. BISD should encourage participation in the 403b not discourage participation. After all, the greater the participation in 403b the greater the savings becomes in payroll taxes to the district.

Moving on to my next argument, according to the RFQ Section IV.B.1.b. States, "The proposal will be evaluated on the availability of the firm's key personnel to meet with BISD personnel and to respond promptly to requests, often on short notice." This is not possible with a TPA. A TPA requires paperwork to be submitted as long a period as two months in advance. This is not what most people consider short notice and not beneficial to anyone. A local agent chosen by the participant, however, can respond with service on short notice if actions can be coordinated directly with the District.

The final argument I wish to make is questioning the purpose BISD would base a proposal solely on qualification and not on price. This allows the TPA to set their own rules for pricing and in my opinion this causes unnecessary waste of taxpayer's money.

In my conclusion I would like to reiterate that the BISD's RFQ for a TPA to administer tax Deferred Annuities is unnecessary, costly, a violation of law, and unfair to taxpayers as well as all of BISD's personnel who participate. In my best professional opinion as a 403b specialist, this RFQ will land BISD numerous forms of litigation and therefore I consider it financial suicide.

Sincerely,

Stephen M. Andrus

# EXHIBIT "B"

David Soliz, Registered Rep.
PlanMember Securities Corp.
www.planmember.com/dsoliz
www.profiancial.net/david
Phone # 956.548.2332



**PRO
Financial Group**

*Preferred Retirement Options*

# Attention to All Brownsville I.S.D. Faculty and Staff:

The TARDEE Tax and Financial Seminar is being presented weekly at your local PRO Financial office at 2035 Price Rd., Suite A. This seminar is specifically designed for school district employees and has been presented in over 350 districts statewide. *Come and find out for yourself why some individuals are afraid that you will learn this information and why they are trying to keep this presentation from coming to your campus. Find out why they would prefer that you remain "in the dark."*

One of the main reasons for the seminar's popularity is because it does not promote a company or product ... it is strictly **EDUCATIONAL** and **INFORMATIONAL.** Those who attend usually decide to immediately implement our powerful concepts and strategies. The financial plan may be based on the purchase of various financial products, including annuities and/or mutual funds. All who attend this seminar will find tremendous value in the information that is presented. These are a few typical responses from attendees:

> **"Why haven't I ever heard about this before?"**
> **"This sounds too good to be true!"**
> **"I wish I had been informed of this during my first year as an educator!"**
> **"Why has my current agent or my school district never informed me of all my benefits?"**

The seminar covers the following **key points:**
- Learn how to **accumulate Tax Deferred Dollars to supplement retirement income.**
- Learn how to determine whether you need mutual funds or an annuity.
- Learn how to compare annuities based on their features. Can you do better? **You be the judge.**
- Learn how to **immediately** increase your monthly cash flow and lower your taxable income.
- Learn how and why you should "become your own banker" by utilizing the **tax- free** loan provision of the **403b Tax Shelter Annuity Program.** Use this system to:
  > Eliminate existing debts with *pre-tax dollars.*
  > Buy back **Years of Service** with *pre-tax dollars.*
  > **Fund College Education** with *pre-tax dollars.*
- Learn **Five** important facts about the Texas **Teacher Retirement System (TRS):**
  > How the **Partial Lump Sum** and **DROP** programs work. Determine which option is best for you.
  > How TRS affects your **ability to draw full Social Security**
  > How **retirement benefits are taxed**
  > Cost of **health insurance / Joint Survivor benefits** at retirement
  > How the **"Retire-Rehire" Program** works and why it is the greatest financial opportunity ever offered to educators in the state of Texas. *Learn how some employees are taking advantage of this program in your district right now!*

The seminar will be followed by a question and answer session. Light refreshments will be provided. Please call our toll free number in advance to reserve a space. Seating is limited. Seminar **Dates and Times:**
> Tuesday, November 13th, 6 p.m.    and    Wednesday, November 14th, 7 p.m.
> Tuesday, November 20th, 6 p.m.    and    Wednesday, November 21st, 7 p.m.
> Tuesday, November 27th, 6 p.m.    and    Wednesday, November 28th, 7 p.m.

*Securities offered through:*
*PlanMember Securities Corporation., 1160 Eugenia Place, Carpinteria, CA  93013  800.874.6910*
*Registered broker/dealer, investment advisor and member NASD/SPIC*

*ok to distribute*
*BSH*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

STEPHEN M. ANDRUS, FERNANDO    §
DE PEÑA, VALENTIN PAZ and    §
ANDRUS & PAZ, *a partnership*    §
   §     CIVIL ACTION NO.
VS.    §
   §     B - 02 - 143
BROWNSVILLE INDEPENDENT    §
SCHOOL DISTRICT, NOE SAUCEDA    §
and EDDIE ERRISURIZ, JR.    §     **(JURY REQUESTED)**

---

### ORDER GRANTING MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

---

On this the _____ day of _____, 2003, came **Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Original Complaint** and the Court being of the opinion that said Motion should be GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Original Complaint is hereby Granted and the Clerk is hereby directed to file Plaintiffs' Second Amended Original Complaint.

Signed this the _____ day of _____, 2003.

_____
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO DE PEÑA, VALENTIN PAZ and ANDRUS & PAZ, *a partnership* | § § § § | . CIVIL ACTION NO. |
| VS. | § § | B - 02 - 143 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA and EDDIE ERRISURIZ, JR. | § § § § | **(JURY REQUESTED)** |

## ORDER SETTING HEARING

On this day came on for consideration **Motion for Leave to File Plaintiffs' Second Amended Original Complaint**.  Upon consideration of said motion the Court is of the opinion that such motion should be set for hearing;

IT IS THEREFORE, ORDERED ADJUDGED and DECREED that said motion is hereby set for hearing on this _____ day of _____, 2003, at _____ o'clock ____.m.

SIGNED for entry on this the _____ day of _____, 2003.

_____
U.S. DISTRICT JUDGE