

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 2 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| STEPHEN M. ANDRUS, FERNANDO | § | |
| DE PEÑA, VALENTIN PAZ and | § | |
| ANDRUS & PAZ, *a partnership* | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | **B - 02 - 143** |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA | § | |
| and EDDIE ERRISURIZ, JR. | § | **(JURY REQUESTED)** |

---

### PLAINTIFFS' REPLY TO DEFENDANTS' REPLY AND RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF

---

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW **STEPHEN M. ANDRUS, FERNANDO DE PENA, VALENTIN PAZ and ANDRUS & PAZ,** *a partnership,* Plaintiffs herein, and file this their Reply to Defendant Brownsville Independent School District's Reply to Plaintiff's Supplemental Brief in Response to Defendant's Motion to Dismiss and Defendants Noe Sauceda and Eddie Errisuriz's Response to Plaintiff's Supplemental Brief to Defendants' Motion to Dismiss, and for such reply would respectfully show unto the Court the following:

### SUMMARY OF REPLY

After Plaintiffs filed supplemental briefing in response to Defendants' Motions to Dismiss, Defendants responded with arguments that Plaintiffs did not have a property right to solicit their products on BISD campuses, and they re-characterized Plaintiffs' claims as mere harm to reputation

or impairment of employment opportunities.  Defendants continue to evince a lack of understanding of Plaintiffs' Fourteenth Amendment claims.   Taking Plaintiffs' pleadings in the light most favorable to Plaintiffs and as true, as this Court is compelled to do, Plaintiffs have clearly "asserted that the Fifth and Fourteenth Amendments include the right to have property and the benefits from it, as well as the liberty to operate a legitimate business, free from arbitrary deprivation by local [authorities] acting under the color of state law." *San Jacinto Savings & Loan v. Kacal,* 928 F.2d 697, 702 (5th Cir. 1991).  When Defendants acted to exclude Plaintiffs from participating in BISD's Vendor Program, while allowing unfettered access to one single agent, in violation of Defendants' policies, Vendor Rules and applicable state law, Plaintiffs' property and liberty interests were violated.

## REPLY TO BISD'S REPLY

Defendant BISD responds that Plaintiffs cannot have a property right because they were not employees of BISD.  BISD then attempts to re-characterize Plaintiffs' claims as merely "harm to reputation" or the "impairment of future employment opportunities...."  Defendant's arguments assume that the only basis on which a person may sue a governmental entity for a due process violation would be based on a simple, direct employer-employee relationship.   Defendant's interpretation would make the proverbial tail wag the dog, i.e., Defendant would have the employer-employee context the basis out of which the Fifth and Fourteenth Amendment due process rights were developed, rather than the reverse.  Defendant overlooks the entire context on which due process claims were originally developed, including the long history and precedents established through Fifth and Fourteenth Amendment jurisprudence, as well as the rules and doctrines they have produced. *See Dolan v. Tigard*, 512 U.S. 374, 383-84, 114 S.Ct. 2309, 2316, 129 L.Ed.,2d

304 (1994); *Keystone Bituminous Coal Ass'n vs. DeBenedictis*, 480 U.S. 470, 481, n.10, 1075 S.Ct. 1232, 1240 n.10, 94 L.Ed.2d 472 (1987). Defendant fails to discuss how a due process violation can be established outside the traditional employer-employee context, however.

At the heart of Plaintiff's claims is the contention that the government may not take away from him that which he already has, i.e., his right and ability to follow his chosen profession, without according to him due process. This the Supreme Court has repeatedly stated the government may not do. *See Greene v. McElroy*, 360 U.S. 474, 492, 79 S.Ct. 1400, 1411, 3 L.Ed.2d 1377 (1959). The ability to follow one's chosen profession does not mean simply that an insurance salesman can still attempt sales to other clients or in other venues. Plaintiffs' chosen profession involved selling products to *these* clients in *this particular* manner, following BISD's Vendor Rules, policies and applicable state law. Plaintiffs had relied on these rules and the law to establish and develop their professions in the years leading up to 2001, which establishes why Plaintiffs had a property interest protected by the due process clauses of the U.S. Constitution.

Defendants' arguments that Plaintiffs remained free to pursue his business through other avenues has been considered and rejected by the Fifth Circuit. *San Jacinto Savings and Loan v. Kacal*, 928 F.2d at 702-04. In *Kacal*, Defendants argued

> that [Plaintiff could not] show that a legal right or status ha[d] been removed or significantly altered. They point out that [Plaintiff] remained free to pursue her business just as the plaintiff in *Goulding* remained free to practice law. In rejecting [Plaintiff's] section 1983 claim, the district court reasoned that because [Plaintiff's] business was not condemned, because she had not lost her operating license, because the City had not restricted her right to do business in the past, present, or future, and because [Defendant's] remarks did not prohibit the public from patronizing [her business], the City had not deprived her of her continuing right to do business.

*Id.* at 702 (citations omitted)  That Court rejected those arguments, however, because Defendants had taken affirmative action to prevent the Plaintiff from being able to carry on her business in the place and in the specific manner she chose, much like Defendants have done in the present action. *Id.* at 703.  In doing so, the Court concluded unequivocally that

> [Plaintiff's] property interest in her business is essentially her interest in the lost profits, which are sought merely as the measure of damages in this action. **Kacal's property interest in the profits of her business and her liberty interest in operating her business do rise to the level of protectible interests.**

*Id.* at 704 (emphasis added).  As in **Kacal**, Plaintiffs had a right to engage in their chosen profession by soliciting their products on BISD campuses pursuant to BISD's Vendor Rules, polices and applicable state law in the same manner as all other agents were allowed, even though no employer–employee relationship existed.  *See San Jacinto Savings and Loan v. Kacal*, 928 F.2d at 704. Defendants' restriction of Plaintiffs' ability to do so, however, without providing them with any notice or avenue to appeal that decision, while instead providing another agent, David Soliz, unfettered access and mandatory presentations to BISD employees, violated his due process rights.

## REPLY TO SAUCEDA AND ERRISURIZ'S RESPONSE

Although these Defendants initiate some of the arguments submitted by Defendant BISD, most of their arguments are based instead hyperbole and misdirection, in an attempt to lead the Court away from consideration of Plaintiffs' established Fourteenth Amendment claims. Defendants suggest that because Plaintiffs were still free to attempt sales in other markets, these Defendants' constitutional violations should be overlooked.  Instead of responding to Plaintiffs' constitutional claims, these Defendants argue that Plaintiffs should have just accepted the constitutional violations and moved on to do business somewhere else.  In essence, these Defendants apparently believe the Fourteenth Amendment is no more than window dressing.

Because these Defendants do not engage in any Fourteenth Amendment analysis, however, no further reply should be necessary.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs **STEPHEN M. ANDRUS, FERNANDO DE PENA, VALENTIN PAZ and ANDRUS & PAZ,** *a partnership,* would respectfully request that upon consideration of Defendants' Motions to Dismiss, that such motions be DENIED in their entirety, that this matter be allowed to proceed accordingly, and that Plaintiffs be granted such other and further relief to which they may show themselves to be justly entitled, whether general or special, at law and in equity.

Signed on this the *27th* day of March, 2003.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone    : (956) 504-1100
Facsimile    : (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

Attorney for Plaintiff,
STEPHEN M. ANDRUS, FERNANDO
DE PENA, VALENTIN PAZ and
ANDRUS & PAZ, *a partnership*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' REPLY AND RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF** has on this the _28th_ day of March, 2003, been forwarded via certified mail, return receipt requested to:

Ms. Elizabeth G. Neally
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Rd., Suite 9
Brownsville, TX 78520

Ms. Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, TX 78521

J. Arnold Aguilar